IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                        RESPONDENT

v.                                     No. 1:11-cr-10004

KENNETH J. JONES                                                        MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by KENNETH J. JONES ("JONES"), an inmate confined in the Forrest City FCI, Forrest City, Arkansas. ECF No. 36. The United States of America (hereinafter referred to as the "Government") was ordered to respond and has done so. ECF No. 39. JONES replied to the Response. ECF No. 43.

This Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has considered the entire record, and this matter is ready for decision. For the reasons stated below, the Court recommends the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 36) be **DENIED**.

1. **Procedrual Background**:

On October 3, 2011, JONES pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 22. Pursuant to written plea agreement (ECF No. 23). JONES was advised the possible punishment could be a mandatory minimum 15 years imprisonment if he had three or more prior convictions for crimes of violence or serious drug offense. ECF No. 23 ¶ 10.

The Honorable Harry F. Barnes ordered that a Pre-Sentence Report (PSR) be prepared. The

-1-

PSR was prepared, and the final version was filed on May 11, 2012.  ECF No. 26.    The PSR

determined JONES met the criteria of the Armed Career Criminal Act (ACCA) 18 U.S.C. § 924(e)

and thus was subject to a mandatory minimum 15 year sentence of imprisonment.  ECF No. 23 ¶ 67.

 The PSR did not specify which of JONES's prior convictions qualified under the ACCA.  The PSR

also recommended a United States Sentencing Guideline (USSG) range of 188-235 months

imprisonment.

At sentencing on May 11, 2012, JONES made three objections to the PSR, arguing that the

four-level increase for possessing a firearm in connection with another felony offense, the six-level

increase for the victim related adjustment, and the enhancement as an armed career criminal were

improperly applied. Judge Barnes overruled JONES's objection.   The Government filed one

objection, namely that the original PSR did not reflect the mandatory sentence of the ACCA.  The

final PSR did reflect this mandatory minimum as stated above.

Specifically in regard to JONES's objection he should not be subject to the mandatory

minimums of the ACCA, Judge Barnes ruled as follows:

> And Number Three, the Defendant argues that you're not a career offender. Well, the
> probation office provided numerous certified judgments from Lafayette County
> criminal records and from other courts in Louisiana which shows that you have and
> are properly characterized as an armed career offender.  This ruling will continue to
> stand.

ECF No. 42, p. 10-11.  The Court adopted the final PSR without any changes.  ECF No. 27.  Judge

Barnes then sentenced JONES to 180 months imprisonment.  ECF No. 28.  This was the mandatory

minimum under the ACCA and less than the USSG recommended sentence.

**2.    <u>Instant Motion</u>**:

On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, 135

S. Ct. 2551 (2015). *Johnson* had held the residual clause of the ACCA, 18 U.S.C. § 924(e), violated

-2-

due process and was unconstitutionally vague.  On April 18, 2016, in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court announced that *Johnson* was a new substantive rule of constitutional law entitled to retroactive application in initial collateral attacks on ACCA enhanced sentences under 28 U.S.C. § 2255(a).  Accordingly, a defendant sentenced under the ACCA enhanced sentence provision had one-year from June 26, 2015, the date of the *Johnson* decision, in which to file any motion to vacate pursuant to § 2255.

On May 19, 2016, Judge Barnes appointed the Federal Defender to represent JONES in regards a potential motion pursuant to 28 U.S.C. § 2255, based on *Johnson.*  On May 31, 2016, JONES, through counsel, filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  ECF No.  36.  With this Motion, JONES raises one issue:

> Because Mr. JONES's prior offense for unauthorized entry of an inhabited dwelling fell within the residual clause of the ACCA, his sentence must now be vacated and the case set for a *de novo* sentencing without the ACCA enhancement.

ECF No. 36, p. 3.

The Government responded to this Motion on August 19, 2016 and argued that while the prior conviction of  unauthorized entry of an inhabited dwelling could not be considered a crime of violence in light of *Johnson*, there were other convictions, considered by the Court, which supported the Court's finding of armed career criminal status for JONES under the ACCA.  ECF No. 39. JONES then replied to the response asserting it was improper for the Government to now offer a new predicate offense to support a finding of armed career offender status.  ECF No. 43.

**3.**    **Discussion**:

Initially, I note JONES's Motion was timely filed, as it was filed within one year of the *Johnson* decision.  The Government does not contend the Motion is untimely.

**a.  *Johnson v. United States***:  The ACCA defines the predicate offenses for armed career

criminal status as follows:

> (A) the term "serious drug offense" means--

>> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or

>> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--

>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*; . . .

18 U.S.C. 924 (e)(2)(emphasis added).  The italicized portion of subsection (ii) above is known as the "residual clause" of the ACCA.  In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act's "violent felony" definition was void for vagueness because it "both denies fair notice to defendants and invites arbitrary enforcement by judges."  135 S.Ct.  at 2557.  Thus, under *Johnson,* a prior conviction may qualify as a violent felony only if it "has as an element the use, attempted use, or threatened use of physical force against the person of another" or it were one of the enumerated crimes, namely, burglary, arson, extortion, or involves use of explosives.  18 U.S.C. § 924(e)(2)(B)(i-ii).

**b.  JONES's conviction for "unauthorized entry of an inhabited dwelling"**: JONES

-4-

asserts the PSR in his case had "three qualifying predicate offenses for the ACCA." These offenses were (1) possession of methamphetamine with intent to deliver in 2002; (2) unauthorized entry of an inhabited dwelling in 2010; and (3) conspiracy to operate a clandestine laboratory for manufacture of methamphetamine in 2010. (PSR, ¶¶ 30, 36, 39). JONES does not direct the Court to anything in the record to establish the foregoing proposition. He concedes the two drug offenses are predicate offenses under the ACCA. However he claims the unauthorized entry of an inhabited dwelling no longer qualifies as a predicate offense under the ACCA because of the ruling in *Johnson*. The Government concedes this conviction can not serve as a predicate offense under *Johnson*. ECF No. 39, p. 3-6.

**c. Prior conviction for "possession of drug paraphernalia with intent to manufacture methamphetamine"**: While the Government concedes JONES's conviction for unauthorized entry of an inhabited dwelling no longer qualifies as a predicate offense under the ACCA, it asserts a conviction for possession of drug paraphernalia qualifies as a serious drug offense and therefore JONES is still properly classified as an armed career criminal under the ACCA. This conviction, when considered in light of the conceded two other serious drug offenses, still mandates a 15 year mandatory minimum sentence under the ACCA according to the Government.

JONES argues the drug parahenalia charge is a previously "unnamed predicate" offense and that it would be improper for the Government to argue or the Court to consider this offense in applying the ACCA. JONES claims that only the three offenses set out above were considered as predicate felonies at his sentencing and thus only they can be considered here. There appears nothing in the record to support this assertion by JONES.

The Court must determine whether the offense of "possession of drug paraphernalia with intent to manufacture methamphetamine" under Arkansas law is a predicate offense under the

ACCA, In making this determination, whether a prior conviction qualifies as a "serious drug offense," courts typically apply a categorical approach and "look only to the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 U.S. 575, 602 (1990). Where a conviction is based on a statue which sets out one or more elements of the offense in the alternative, the statute is considered "divisible" for ACCA purposes. *See United States v. Tucker*, 740 F .3d 1177, 1179 (8th Cir.2013) (*citing Descamps v. United States*, 570 U.S. ____, 133 S.Ct. 2276, 2281 (2013). If one alternative of a divisible statute qualifies as a predicate offense, but another does not, courts apply the "modified categorical approach" to determine under which portion of the statute the defendant was convicted. *See Tucker*, 740 F.3d at 1179–80. Using the modified categorical allows the sentencing court to consult a limited class of documents other than the statute itself. These are documents such as indictments and jury instructions, to determine which statutory alternative formed the basis of the defendant's prior conviction. *See Tucker*, 740 F.3d at 1180; Under either the "categorical" or "modified categorical" approach, the sentencing court must determine whether the defendant's conviction necessarily qualifies as an ACCA predicate.

The PSR in this case indicates JONES was convicted in Lafayette County, Arkansas in 2001 of the crime of "possession of drug paraphernalia with intent to manufacture methamphetamine." He was sentenced to 180 month imprisonment. ECF No. 26 ¶ 31. This crime is defined by Ark. Code Ann. § 5-64-403. Section 5-64-403 is a "divisible" statute in that some of the conduct described therein does not qualify as a serious drug offense under the ACCA. Accordingly, the Court will utilize the modified categorical approach to determine if this conviction qualifies as a predicate offense under the ACCA.

The charging document, the Information (ECF No. 39-1), shows that the conviction at issue was charged as a class B felony under Arkansas law. Class B felonies, in Arkansas, carry a

punishment range of not less than five (5) years nor more than twenty (20) years imprisonment. *See* Ark. Code Ann. § 5-4-401(a)(3).   The Information charging JONES tracks the language of the statue.  JONES was sentenced to 180 months imprisonment.  Based on the foregoing, it is apparent JONES was convicted of an "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law."  This makes the 2001 conviction in ¶ 31 of the PSR a predicate offense when considering JONES's status as an armed career criminal.

As noted above, JONES argues that the Court could only consider the three offenses he lists as predicate offenses.   JONES notes there are no Eighth Circuit cases to support this proposition.   He cites *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1279 (11ᵗʰ Cir. 2013) (*reversed on other grounds McCarthan v. Director of Goodwill Industries*, 851 F.3d 1076, 1080 (11ᵗʰ Cir. 2017) for the proposition "the Government waived its ability to add an additional predicate offense that it did not rely on at sentencing."   I do not find *Bryant* persuasive.  In *Bryant,* the Government did not object when the sentencing court "found that Bryant *had at most three qualifying predicate convictions*, which were the concealed-firearm conviction and the two drug convictions listed in the indictment."  *Id*. at 1279 (emphasis added).  The Eleventh Circuit held the Government waived its right to raise a conviction other than the three (3) specifically used in predicating defendant's status under the ACCA.  This was because of the finding of the district court that defendant had "at most" three predicate offenses under the ACCA.

In this case, Judge Barnes found as follows:

Well, the probation office provided numerous certified judgments from Lafayette County criminal records and from other courts in Louisiana which shows that you have and are properly characterized as an armed career offender.

Other than JONES's general objection to the armed career criminal finding, neither he nor the Government discussed the specific convictions set out in the PSR which supported a finding he was an armed career offender.   He does not now contest the 2001 Arkansas drug paraphernalia charge as either (1) an invalid conviction or (2) as a predicate offense under the ACCA.   Rather, he claims such conviction cannot be used because the Court somehow did not consider it in making the determination JONES was an armed career criminal.   Further, rather than waive objection at sentencing, the Government specifically objected prior to the final PSR being issued because the original PSR did not have a finding JONES was an armed career criminal.

JONES also cites *United States v. Canty*, 570 F.3d 1251, 1253 (11th Cir. 2009) for the proposition the Court did not specify which convictions it was relying on finding ACCA status in his case.   In *Canty,* the defendant specifically objected to the inclusion of certain specific offenses in the court's ACCA determination.   Here, Judge Barnes did not delineate which of JONES's several felony convictions were predicate offenses under the ACCA.   JONES only generally objected to a finding by the PSR that he was an armed career criminal.   He did not object to the Court considering the "numerous certified judgments" of his prior felony convictions.   He cannot now pick which of those numerous convictions the Court considered, while disregarding others.

Finally, JONES argues that the conviction at issue is not a qualifying "serious drug offense." He argues this offense it is not "an offense under state law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" but rather a drug paraphernalia offense involving no actual controlled substance.   ECF No. 43, p. 5.   JONES cites no authority to support this assertion.   He does note an unpublished opinion from the Fourth Circuit, *United States v. Wheeler*,   153 F.3d 725 (4th Cir. 1998) (applying the USSG career offender

guideline) where that Circuit determined a conviction for possession of drug paraphernalia with intent to distribute was indeed a "felony drug crime." The defendant in *Wheeler* argued New Jersey law did not make possession of drug paraphernalia a "felony drug offense." The *Wheeler* Court held: "A 'felony drug offense' is an offense 'punishable by imprisonment for more than one year under any law ... of a State ... that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances.' 21 U.S.C.A. § 802(44)." 153 F.3d 725 at *2. New Jersey law provided for up to an eighteen month term of imprisonment for the offense. The *Wheeler* court found no error in treating possession of drug paraphernalia as a "felony drug offense." While not binding on this Court, the rational of *Wheeler* is persuasive.

Similarly, the ACCA doesn't require actual possession of a controlled substance. By its very terms, it applies to *any offense* under state law "*involving* manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." Clearly, possession of drug paraphernalia with intent to manufacture methamphetamine is an offense under state law and "involves" manufacturing a controlled substance.

**4.    Conclusion:**

Here, JONES had at least three (3) predicate convictions for serious drug offenses or violent crimes under the ACCA at the time of his sentencing. He has offered no binding or persuasive authority prohibiting the court from using the conviction for possession of drug paraphernalia with intent to manufacture methamphetamine as a predicate offense. This Motion to Vacate should be denied.

**5.    Evidentiary Hearing:**

Based on the record in this case, I also conclude an evidentiary hearing is not required in this

matter. JONES is clearly not entitled to the relief he seeks.[1] Further, I find JONES has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

6.    **Recommendation**:

      Accordingly, based on the foregoing, it is recommended the instant motion be **DENIED** and dismissed with prejudice. Pursuant to 28 U.S.C. § 1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith.

      **The Parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

      **DATED** this **23rd day of June 2017.**

                        /s/ Barry A. Bryant
                        HON. BARRY A. BRYANT
                        U.S. MAGISTRATE JUDGE

---

[1] *See Buster v. United States,* 447 F.3d 1130, 1132 (8th Cir. 2006)(holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

-10-