IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KENNETH J. JONES     PETITIONER

V.     CASE NO. 1:11-cr-10004
      CASE NO. 1:16-cv-01043

UNITED STATES OF AMERICA     RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed on June 23, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the United States District Court for the Western District of Arkansas. ECF No. 44. Petitioner has filed timely objections. ECF No. 45. The Court finds this matter ripe for consideration.

## BACKGROUND

On May 31, 2016, Petitioner filed a Motion for Relief under 28 U.S.C. § 2255. ECF No. 36. Petitioner states that he was sentenced in the underlying criminal action to an enhanced sentence under the Armed Career Criminal Act ("ACCA"). However, Petitioner now claims that his conviction for unauthorized entry of an inhabited dwelling under La. Stat. Ann § 14:62.3 no longer qualifies as a predicate offense in light of the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of the ACCA is unconstitutionally vague. In response, the Government concedes that Petitioner's conviction for unauthorized entry of an inhabited dwelling no longer constitutes a predicate offense for purposes of the ACCA. However, the Government argues that Petitioner is still subject to the enhanced ACCA sentence because Petitioner's 2002 conviction for possession of drug paraphernalia with intent to manufacture methamphetamine qualifies as a "serious drug offense" as contemplated by the ACCA. In his

reply, Petitioner argues that "the Government cannot offer a new predicate conviction in support of an enhanced ACCA sentence which it failed to rely on as a possible predicate felony at sentencing." ECF No. 43, p. 1. Petitioner further argues that regardless, a conviction for possession of drug paraphernalia with intent to manufacture methamphetamine does not constitute a "serious drug offense" under the ACCA.

Upon consideration, Judge Bryant found Petitioner's arguments unpersuasive. Judge Bryant noted that the Court did not delineate which of Petitioner's prior convictions qualified as predicate offenses under the ACCA. Judge Bryant further found that Petitioner's conviction for possession of drug paraphernalia with intent to manufacture methamphetamine qualified as a "serious drug offense." Accordingly, Judge Bryant concluded that Petitioner's Motion for Relief under 28 U.S.C. § 2255 should be denied. In his objections, Petitioner argues that Judge Bryant erred (1) in finding that the Court may rely on a previously unnamed drug offense to now support an ACCA enhancement and (2) in finding that possession of drug paraphernalia with intent to manufacture methamphetamine qualifies as a "serious drug offense."

## DISCUSSION

The Court will address each of Petitioner's objections in turn.

I. **Whether Petitioner's Conviction for Possession of Drug Paraphernalia with Intent to Manufacture Methamphetamine May be Used as a Predicate Offense**

Petitioner takes the position that the Court did not consider his conviction for possession of drug paraphernalia with intent to manufacture methamphetamine when it determined that he was subject to an enhanced ACCA sentence. Petitioner states that the PSR "listed his convictions for possession of methamphetamine with intent to deliver, unauthorized entry into an inhabited dwelling, and conspiracy to operate a clandestine laboratory for the manufacture of methamphetamine as qualifying predicates for the [ACCA] enhancement." ECF No. 45, p. 1 (citing ECF No. 26, ¶ 17). With this argument in mind, Petitioner asserts that "a new predicate

2

conviction cannot now be offered in support of an enhanced ACCA sentence that the Government failed to rely upon as a possible predicate felony at sentencing." ECF No. 45, pp. 3-4.

Upon consideration, the Court finds Petitioner's arguments unpersuasive. Petitioner is correct in noting that the PSR listed only three of Petitioner's previous convictions when the probation officer noted that Petitioner was subject to an enhanced sentence under the ACCA. However, there is no indication that the Court only considered these three offenses in determining that Petitioner was an armed career offender. At the sentencing hearing, the Court simply stated: "Well, the probation office provided numerous certified judgments from Lafayette County criminal records and from other courts in Louisiana which shows that you have and are properly characterized as an Armed Career Offender." ECF No. 42, p. 10.

Likewise, even if the Court had not considered Petitioner's conviction for possession of paraphernalia with intent to manufacture methamphetamine when the Court concluded that Petitioner was subject to the ACCA enhanced sentence, Petitioner fails to cite to any binding precedent that would bar the government from offering evidence of another predicate conviction or, in turn, bar the Court from now considering that conviction. Although Petitioner does cite two non-binding Eleventh Circuit decisions in support of his argument, those cases are distinguishable.

In *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013) (reversed on other grounds *McCarthan v. Dir. of Goodwill Indus.*, 851 F.3d 1076, 1080 (11th Cir. 2017)), the Eleventh Circuit found that the petitioner had shown that his concealed-firearm conviction under Florida law was not a "violent felony." *Bryant*, 738 F.3d at 1278-79. The *Bryant* court noted the Government's contention that a separate conviction—burglary—could be used as a third predicate offense in place of the concealed-firearm conviction. However, the court found that the government had "waived this burglary issue at the initial sentencing[,]" stating:

> At sentencing, the district court found that Bryant had at most three qualifying predicate convictions, which were the concealed-firearm conviction and the two

> drug convictions listed in the indictment. The government never objected to that finding by the district court. Despite repeated opportunities to do so at sentencing, the government also never suggested at any point that Bryant's 1988 burglary conviction could serve as a § 924(e)-qualifying felony. At no time during Bryant's direct criminal proceedings did the government ever rely on the burglary conviction as a predicate felony for § 924(e) purposes. Therefore, we deny the government's request to substitute the burglary conviction.

*Id.* at 1279 (internal citations omitted).

In *Bryant*, the district court found that the petitioner had "at most" three predicate offenses. Thus, the government in *Bryant* was put on notice that the district court was only considering three offenses as predicates and, therefore, if it wished to have more convictions considered it would need to raise them. In contrast, in the instant case, the Court did not delineate which of Petitioner's previous convictions subjected him to the enhanced ACCA sentence, but instead simply stated that the probation office had provided the Court with numerous judgments from Lafayette County and Louisiana that established that Petitioner was a career offender under the ACCA. Furthermore, Petitioner's conviction for possession of paraphernalia with intent to manufacture methamphetamine was in Lafayette County (ECF Nos. 39-1, 39-2). As such, here the Government would have had no indication that the Court was not considering this conviction in determining that Petitioner was subject to an ACCA enhanced sentence. Accordingly, *Bryant* is inapposite.

Petitioner also cites *United States v. Canty*, 570 F.3d 1251, 1253 (11th Cir. 2009), in support of his position. In *Canty*, the district court concluded that the defendant was subject to an ACCA enhanced sentence. However, the court did not state which convictions it relied upon in determining that the defendant was an armed career offender. *Canty*, 570 F.3d at 1254. The Eleventh Circuit noted that the government "did not request, and the court did not make, findings as to how many violent felony or serious drug convictions [the defendant] had or whether those crimes were committed on occasions separate from one another." *Id*. The defendant appealed his

sentence and subsequent precedent established that his previous convictions for carrying a concealed weapon no longer qualified as predicate offenses.

The court noted that "in order for [the defendant's] ACCA sentence to be affirmed, his crimes of escape, obstructing or opposing an officer with violence, and possession with intent to sell cocaine all must be considered violent felonies or serious drug offenses." *Id*. at 1255. The defendant did not dispute that his drug conviction was a serious drug offense, "but, the parties disagreed as to whether [the defendant's] other two convictions should be counted as violent felonies under the statute." *Id*. Moreover, based on certified judgments[1] the government had offered into evidence, it was unclear whether the defendant's other convictions were "committed on occasions different from one another" so as to qualify as separate predicate offenses. Likewise, the government had earlier explicitly waived reliance on facts derived from outside of these certified judgments to support sentencing enhancements.

In *Canty*, the government sought, in relevant part, remand so that it could be given a second opportunity to prove that certain of the defendant's prior convictions supported an ACCA enhanced sentence. In denying that request, the Eleventh Circuit stated:

> Here, when given the opportunity, the Government failed to voice any objection that the sentencing court had not made any findings as to which of [the defendant's] convictions were predicates for the ACCA enhancement or whether the crimes were committed on occasions different from one another. Indeed, the Government not only did not object; it adopted the PSR, which did not state which of [the defendant's] convictions were predicates for the ACCA enhancement and whether the crimes were committed on occasions different from one another. *More importantly*, the Government explicitly disclaimed reliance on any facts derived from sources outside Exhibits 1 through 4 to meet its burden to prove the applicability of the sentencing enhancement. Accordingly, the Government is not entitled to a remand so that it can present additional evidence and seek additional findings of fact and conclusions of law to support the ACCA enhancement when it failed to offer such evidence and seek those findings and conclusions during the initial sentencing hearing and did not object to the manner in which the sentence was imposed. The Government is entitled to an opportunity to offer evidence and seek rulings from the sentencing court in support of an enhanced sentence. But, the

---

[1] These certified judgments are referred to as "Exhibits 1 through 4" below.

> Government is entitled to only one such opportunity, and it had that opportunity at the sentencing hearing.

*Id*. at 1257 (emphasis added).

From this excerpt, it is clear that although the Eleventh Circuit based its decision in part on the fact that the government had not sought to offer evidence or requested specific findings at the sentencing stage, it primarily relied on the fact that the government had explicitly waived reliance on facts derived from outside of the certified state judgments in evidence. In contrast, in the present case, the Government has not taken the affirmative steps taken by the government in *Canty*. Furthermore, the Court notes that *Canty* concerned a direct appeal, whereas the present matter come before the court on a § 2255 motion to vacate. Likewise, the Government in the instant matter does not seek remand, but simply asks the Court to explicitly consider one of Petitioner's previous convictions it may well have considered when it determined that Petitioner is an armed career offender.

Accordingly, although portions of *Canty* read out of context may be taken to support Petitioner's position, upon consideration of the facts and procedural posture of the case it becomes clear that *Canty* is distinguishable and inapposite.

Therefore, upon *de novo* review, the Court concludes that (1) there is no indication that the Court failed to consider Petitioner's conviction for possession of paraphernalia with intent to manufacture methamphetamine when it determined that Petitioner was subject to the ACCA enhancement and (2) that even if the Court did not consider this offense, it may now consider the Government's proffered evidence to determine whether Petitioner is an armed career offender.

## II. Whether Possession of Drug Paraphernalia with Intent to Manufacture Methamphetamine Qualifies as a Serious Drug Offense

Petitioner's second objection states that Judge Bryant erred in finding that possession of drug paraphernalia with intent to manufacture methamphetamine constitutes a "serious drug offense" for ACCA purposes.

Courts typically apply a categorical approach when determining whether a prior conviction qualifies as a "serious drug offense". *See Taylor v. United States*, 495 U.S. 575 (1990). Under the categorical approach, a court "look[s] only to the fact of conviction and the statutory definition of the prior offense" to determine if the crime in question constitutes a "serious drug offense." *Id*. However, "[w]hen a statute criminalizes both qualifying and non-qualifying conduct, courts apply a modified categorical approach and may consider the charging document, plea agreement, plea-colloquy transcript, or 'some comparable judicial record of this information' to determine under which portion of the statute the conviction arose." *United States v. Bynum*, 669 F.3d 880, 885 (8th Cir. 2012) (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

In its response to Petitioner's Motion to Vacate, the Government argued that Petitioner's conviction for possession of drug paraphernalia with intent to manufacture methamphetamine was pursuant to Ark. Code Ann. § 5-64-403(c)(5). ECF No. 39, p. 9. The Government came to this conclusion after applying the modified categorical approach, as in 2001, the year of the conduct underlying his conviction, Ark. Code Ann. § 5-64-403 clearly contained numerous crimes, some of which likely would not qualify as "serious drug offenses." Petitioner did not contest this point and, upon consideration, the Court finds that the record clearly shows that Petitioner was convicted under Ark. Code Ann. § 5-64-403(c)(5). In 2001, Ark. Code Ann. § 5-64-403(c)(5), stated as follows:

> It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to manufacture methamphetamine in violation of this chapter. Any person who pleads guilty, nolo contendere, or is found guilty of violating the

7

provisions of this subsection shall be guilty of a Class B felony and shall be fined an amount not exceeding fifteen thousand dollars ($15,000).

Ark. Code Ann. § 5-64-403(c)(5).

Upon review of the Criminal Information underlying Petitioner's conviction, it is evident that Petitioner was charged with possession of drug paraphernalia with intent to manufacture methamphetamine under Ark. Code Ann. § 5-64-403(c)(5). *See* ECF No. 39-1. The Criminal Information notes Petitioner was charged with a Class B felony and alleged that on or about May 19, 2001, Petitioner did unlawfully:

> use, or possess with intent to use, drug paraphernalia to manufacture Methamphetamine in violation of this chapter; PUNISHABLE by imprisonment in the Arkansas Department of Corrections for a term of not less than five (5) years nor more than twenty (20) years, and/or a fine not to exceed fifteen thousand ($15,000.00) dollars.

ECF No. 39-1. In 2001, a Class B felony carried a sentence of not less than five years nor more than 20 years. Ark. Code Ann. § 5-4-401(a)(3). This language tracks with that of § 5-64-403(c)(5).

Likewise, the Amended Judgment shows that Petitioner was specifically convicted of the crime of "Possession of Drug Paraphernalia with Intent to Manufacture Methamphetamine" and notes that this was a Class B Felony. ECF No. 39-2. These documents clearly establish that Petitioner was convicted pursuant to Ark. Code Ann. § 5-64-403(c)(5). Accordingly, the question becomes whether a conviction under Ark. Code Ann. § 5-64-403(c)(5) constitutes a conviction for a "serious drug offense."

Petitioner takes the position that a conviction for possession of drug paraphernalia with intent to manufacture methamphetamine is not a "serious drug offense" as contemplated by the ACCA because "the Arkansas statute points to drug paraphernalia and not the controlled substance and § 924(e) specifically prohibits the conviction for possessing dangerous drugs and not paraphernalia." ECF No. 45, p. 6. Petitioner does not cite any authority in support of this contention. This same argument was considered by Judge Bryant, but he concluded that a

conviction for possession of drug paraphernalia with intent to manufacture methamphetamine fell within the definition of a "serious drug offense." Specifically, Judge Bryant stated as follows:

> the ACCA doesn't require actual possession of a controlled substance. By its very terms, it applies to *any offense* under state law "*involving* manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." Clearly, possession of drug paraphernalia with intent to manufacture methamphetamine is an offense under state law and "involves" manufacturing a controlled substance.

ECF No. 44, p. 9 (emphasis in original).

Upon *de novo* review, the Court finds that Judge Bryant came to the correct conclusion. 18 U.S.C. § 924 defines "serious drug offense" as:

> an offense under State law, involving manufacturing,[2] distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]"

18 U.S.C. § 924(e)(2)(A)(ii) (footnote added). In *United States v. Bynum*, the Eighth Circuit noted that "involving," as used in 18 U.S.C. § 924(e)(2)(A)(ii) is "an expansive term that requires only that the conviction be related to or connected with drug manufacture, distribution, or possession, as opposed to including those acts as an element of the offense." 669 F.3d at 886 (internal quotation marks omitted).

With this in mind, it is clear that a conviction for possession of drug paraphernalia with intent to manufacture methamphetamine pursuant to Ark. Code Ann. § 5-64-403(c)(5) "involves" manufacturing of a controlled substance, as the statute criminalizes the first step in the methamphetamine manufacturing process—collecting the needed materials with the intent to put

---

[2] 21 U.S.C. § 802 states, in relevant part:

> The term "manufacture" means the production, preparation, propagation, compounding, or processing of a drug or other substance, either directly or indirectly or by extraction from substances of natural origin, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of such substance or labeling or relabeling of its container[.]

those materials to the purpose of manufacturing methamphetamine. Furthermore, a conviction for possession of drug paraphernalia with intent to manufacture methamphetamine pursuant to Ark. Code Ann. § 5-64-403(c)(5), as a Class B felony, carries a possible sentence up to twenty years imprisonment. Accordingly, it is clear that this conviction constitutes a "serious drug offense" for ACCA purposes as it is a state offense involving manufacturing of a controlled substance and is punishable by a maximum term of imprisonment of ten years or more. Thus, upon *de novo* review, the Court concludes that Judge Bryant correctly found that Petitioner's conviction for possession of drug paraphernalia with intent to manufacture methamphetamine is categorically a "serious drug offense" and, therefore, qualifies as an ACCA predicate offense.

## CONCLUSION

For the foregoing reasons, the Court finds that Petitioner continues to be properly categorized as an armed career offender and that Petitioner's objections should be and hereby are **OVERRULED**. Accordingly, the Court hereby adopts Judge Bryant's Report and Recommendation (ECF No. 44) *in toto*. Thus, the Court finds that no evidentiary hearing is warranted, that no Certificate of Appealability shall issue, and that Petitioner's Motion for Relief under 28 U.S.C. § 2255 (ECF No. 36) should be and hereby is **DENIED** and **DISMISSED WITH PREJUDICE**. The Court further finds that an appeal from dismissal would not be taken in good faith.

**IT IS SO ORDERED**, this 4th day of April, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge