IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                                         PLAINTIFF

v.                                            Case No. 1:11-cr-10004

KENNETH J. JONES                                                                              DEFENDANT

## ORDER

Before the Court is Defendant's Amended Motion to Reduce Sentence. ECF No. 58. The Government has responded. ECF No. 60. The Defendant has replied. ECF No. 65. The Court finds the matter ripe for consideration.[1]

## BACKGROUND

On April 6, 2011, Defendant was named in a one-count indictment filed in the Western District of Arkansas charging him with being a felon in possession of a firearm in violation of 13 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 1. Defendant entered into a plea agreement which informed him that he could face a mandatory minimum sentence of 15 years imprisonment if he had three or more prior convictions for serious drug offenses or crimes of violence. ECF No. 23. A Presentence Investigation Report ("PSR") determined that Defendant had three prior serious drug offenses, which qualified as Armed Career Criminal Act ("ACCA") predicates and recommended that his sentence be enhanced under 18 U.S.C. § 924(e). ECF No. 26. The PSR calculated a United States Sentencing Guidelines ("USSG") recommended sentence range of 188 to 235 months imprisonment for Defendant. *Id*. On May 16, 2012, the Court sentenced Defendant to 180 months imprisonment with 3 years supervised release. ECF No. 28.

---

[1] A procedural misunderstanding resulted in an appeal being filed for this matter before this pending motion could be determined on the merits. ECF No. 68. After the Government conceded error and moved for remand, the Eighth Circuit remanded Defendant's motion to this court for a determination on the merits. ECF No. 75-1.

On July 24, 2020, Defendant filed the pending motion for a reduction in his sentence pursuant to Section 603 of the First Step Act of 2018 ("FSA"). ECF No. 58. Defendant seeks a reduction in his sentence to time served and a release from confinement. Defendant argues that his combination of health issues and the ongoing Covid-19 pandemic create extraordinary and compelling circumstances justifying his release. Specifically, Defendant contends that his heart issue, necessitating a pacemaker, and high blood pressure put him at a highly elevated risk of adverse health outcomes if he contracts Covid-19. Defendant further contends that correctional facilities provide an ideal environment for the spread of Covid-19 and that the required sentencing considerations support his release. Specifically, Defendant argues that the length of time he has served for his most recent conviction has achieved its deterrence purpose and adequately reflects the seriousness of his offense. Defendant also argues that his release would pose no risk to public safety. He highlights his clean disciplinary record and earning his GED during confinement for this offense as indications of his rehabilitation. Defendant also emphasizes the stability he anticipates upon release through living with his fiancé in Indiana away from the area of his offenses and through employment arranged at a local Goodwill. Defendant notes that recidivism tends to decrease the older an inmate is upon release and contends that his age, at 54 years old, also indicates a lower chance of new transgressions.

The Government has responded in opposition to Defendant's motion. ECF No. 60. The Government argues that Defendant's health issues do not create extraordinary and compelling circumstances justifying release in the context of the ongoing pandemic. The Government notes that Defendant's heart condition is not specifically listed by the CDC as an example of a heart condition that increases the risk of adverse health outcomes with Covid-19. The Government further notes that Defendant's heart condition is now under control and there have been no setbacks

since installation of his pacemaker. The Government also notes that hypertension is listed by the CDC only as a condition that may increase the risk of adverse health outcomes if one contracts Covid-19. The Government then details the multitude of measures that the Bureau of Prisons ("BOP") has taken to mitigate the spread of Covid-19 in its facilities.[2]

The Government also argues that the considerations for sentencing and public safety preclude the granting of Defendant's motion. As to sentencing, the Government contends that releasing Defendant when he has only served roughly two-thirds of his sentence would significantly undermine the sentence's need to provide a deterrence from future offenses and reflect the serious nature of Defendant's crime. The Government emphasizes that Defendant's sentence is a result of a mandatory minimum applied because of his criminal history and release now would not properly reflect how serious his offense was in light of his status as a career offender. The Government also disputes that Defendant's age should be seen as an indication of a lower chance of recidivism because his conduct for this most recent conviction occurred in his forties and many of his other offenses occurred well into adulthood. For the public safety considerations, the Government contends that Defendant's extensive criminal history should preclude granting his motion. The Government notes that Defendant's record shows a consistent theme of drug distribution mixed in with instances of theft, burglary, and illegal possession of firearms and argues that Defendant's past behavior indicates an unacceptable risk to the community if granted release at this time.

Defendant has replied to the Government's response. ECF No. 65. Defendant reiterates that conditions in correctional facilities can accelerate the spread of Covid-19 and that his health issues put him at significantly higher risk for adverse health impacts if he contracts Covid-19. As

---

[2] These measures include, but are not limited to, increased screening of inmates and staff, suspension of social visits, operational modification to emphasize social distancing, and establishing quarantine areas. ECF No. 60, p. 5-8.

to the Government's argument that Defendant's history indicates too large a risk to public safety, the Defendant emphasizes that the last decade of confinement has been incident free and productive and should be the clearest indicator of Defendant's future behavior.

## DISCUSSION

Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Before an analysis of those factors can begin, the Court must determine if Defendant has exhausted all administrative remedies available. 18 U.S.C. § 3582(c)(1)(A).

### A. Exhaustion of Administrative Remedies

The FSA provides two avenues for a defendant to bring a compassionate release motion to a district court. The defendant may either file a motion once he "has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring the motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

Defendant bears the burden of showing that she exhausted her administrative rights with the BOP before filing a compassionate-release motion. *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50. In short, a request for compassionate release must first be submitted to the warden of the BOP facility in which the defendant is housed in. 28 C.F.R. § 571.61(a). If the warden approves

the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the United States Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days. 18 U.S.C. § 3582(c)(1)(A)(i). If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program. 28 C.F.R. § 571.63(a). If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b-c).

In this instance, Defendant sent a request for release to his warden on May 13, 2020. ECF No. 58-2. Greater than thirty days elapsed without any response from the warden. Accordingly, Defendant has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A)(i).

**B. Extraordinary and Compelling Reasons**

The Court finds that Defendant has failed to show that there are extraordinary and compelling reasons justifying a reduction in his sentence and a release from confinement.

Pursuant to the FSA, the Court can grant Defendant's request for a sentence reduction "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Congress has not defined what constitutes "extraordinary and compelling" reasons, although it did note that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t). Instead, the Sentencing Commission was directed to

promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). *See id.*

The relevant policy statement contemplates a reduction in the term of imprisonment if "extraordinary and compelling reasons warrant the reduction." USSG § 1B1.13(1)(A).[3] This policy statement limits "extraordinary and compelling reasons" to only include the following four circumstances:

(A) Medical Condition of the Defendant. –

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is –
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

[3] This policy statement predates the FSA and the Sentencing Commission has not since updated it or adopted a new policy statement. This creates an issue because parts of the pre-FSA policy statement do not square neatly with the language of the FSA. *See* U.S.S.G. § 1B1.13 (authorizing compassionate release only on the BOP's motion). Thus, it is unclear whether extraordinary and compelling reasons may be found only from the specific examples listed in the pre-FSA policy statement or if courts can look beyond those examples. Courts have answered that question with mixed results. *See United States v. Brown*, 411 F. Supp. 3d 446, 449-50 (S.D. Iowa 2019) (highlighting the debate regarding the outdated policy statement). However, at minimum, the pre-FSA policy statement provides guidance as to what constitutes extraordinary and compelling reasons. *See U.S. v. Schmitt*, 2020 WL 96904, at *3 (stating that various courts agree that even though the policy statement has not been updated, it nevertheless provides helpful guidance).

> (B) Age of Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances. –
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant argues that his heart condition and hypertension combined with the ongoing Covid-19 pandemic create extraordinary and compelling circumstances that justify his release under U.S.S.G. § 1B1.13 cmt. n.1(D). ECF No. 58, p. 6. The Court is not persuaded. Defendant's heart issue was serious as evidenced by the need for a pacemaker to be inserted. However, the time since the installation indicates that the issue is remedied and the adverse effects that necessitated the procedure are no longer present. Defendant's particular heart condition, bradycardia, is not listed in the CDC's latest risk-factor guidelines as a heart condition that increases the risk of severe illness with Covid-19. *See People at Increased Risk: People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#heart-conditions (March 26, 2021). Also, hypertension is only mentioned by the CDC as an issue that might increase the risk of severe illness with Covid-19 and is not among the conditions concretely put forth as increasing the risk. *Id*. That none of Defendant's health issues are conditions that clearly increase the risk of severe illness indicates that the risks to Defendant from Covid-19 are far less substantial than those contemplated in Defendant's motion. This risk appears lower when viewed in the context of the various steps taken by BOP to reduce the spread of Covid-19 within its facilities. Accordingly, the Court finds

that Defendant has not presented "extraordinary and compelling" circumstances that satisfy the requirements for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

### C. § 3553(a) Sentencing Factors

Even if the Court found Defendant had presented an extraordinary and compelling reason for compassionate release, it would still deny such release upon its evaluation of the factors under 18 U.S.C. § 3553(a). That statute provides:

> (a) Factors To Be Considered in Imposing a Sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>> (2) the need for the sentence imposed—
>>
>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>>
>>> (B) to afford adequate deterrence to criminal conduct;
>>>
>>> (C) to protect the public from further crimes of the defendant; and
>>>
>>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>>
>> (3) the kinds of sentences available;
>>
>> (4) the kinds of sentence and the sentencing range established for—
>>
>>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];
>>
>> (5) any pertinent policy statement [issued by the Sentencing Commission];
>>
>> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>>
>> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Defendant argues that his request for release satisfies the § 3553(a) considerations because the ongoing pandemic creates a harsher sentence than initially anticipated and that the time he has spent in confinement has achieved its deterrence purposes and adequately reflects the seriousness of his offense. The Court is not persuaded. As to the pandemic creating a harsher sentence than initially anticipated, the Court determined above that the circumstances with Defendant's health issues and the pandemic are not as significant as Defendant claims. Next, § 3553(a)(2)(A)'s need for a sentence to reflect the seriousness of the offense weighs against Defendant. The sentence imposed for Defendant's offense was a mandatory minimum applied because of Defendant's status as a career offender. The severity of the crime was partly derived from the mosaic of prior criminal offenses to which his most recent conviction contributed. Release at this time when Defendant has served just over two-thirds of that sentence would significantly undermine the need for that sentence in the first place. Similarly, a consideration of § 3553(a)(2)(B)'s need for a sentence to offer adequate deterrence against future offenses would be undermined by a release at this time. The mandatory minimum was applied to this offense because prior convictions and confinements did not deter Defendant from committing it. Granting Defendant's request for relief at this time runs counter to the sentence's need to sufficiently deter future offenses. Accordingly, the Court finds that an evaluation of the § 3553(a) sentencing factors does not support Defendant's request for release.

### D. Safety Considerations Under 18 U.S.C. § 3142(g)

The Court also finds that the necessary considerations of public safety prevent the Court from granting Defendant's request for release.

The requirement under 18 U.S.C. § 3582(c)(1)(A) that any reduction be consistent with any applicable policy statements issued by the Sentencing Commission necessitates an evaluation

of the 18 U.S.C. § 3142(g) safety factors.  *See* USSG § 1B1.13(2).  The factors for consideration under § 3142(g) are:

> (g) Factors to be considered.-The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning-
>
>> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>>
>> (2) the weight of the evidence against the person;
>>
>> (3) the history and characteristics of the person, including—
>>
>>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>>
>>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>>
>> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

Defendant argues that his release is appropriate under the § 3142(g) safety considerations due to his good conduct and rehabilitation in prison, his advanced age, and the stability he anticipates if released.  The Court is not persuaded.  Most damaging to Defendant's motion is § 3142(g)(3)(A)'s need to take his past conduct and criminal history into account.  As discussed

above, the length of Defendant's current sentence is the outcome of an extensive criminal history that spans multiple decades. That history includes various drug offenses, fleeing jail, burglary, and unauthorized entry of an inhabited dwelling in which he kicked down the door of his wife's residence after making threats against her with a firearm earlier in the day. ECF No. 26, p. 5-11. Also, the majority of his offenses were committed from age 35 until his latest, for which he is now incarcerated, at 43. This significantly weakens Defendant's contention that his age if 54 should be a strong indication that there is little risk of recidivism. Defendant's good conduct during his current confinement is encouraging and the Court takes note of his effort to earn his GED and the stability his post-incarceration plans would provide. However, an evaluation of Defendant's criminal history and past conduct under § 3142(g)(3)(A) is too harmful for his motion to overcome at this time. Accordingly, the Court finds that it must deny Defendant's request for release pursuant to the § 3142(g) safety considerations.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant's motion (ECF No. 58) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 26th day of April, 2021.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge